UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14303-Civ-Cannon/Maynard

THEODORE KEITH GRIFFIN,

     Plaintiff,

v.

OFFICER THOMAS MCGUIRE, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before me upon an Order of Reference for a Report and Recommendation

on any dispositive matters and for disposition of all pre-trial, non-dispositive motions. DE 55.

Defendants' Motion to Dismiss is pending.  DE 64.  I have reviewed the Motion to Dismiss, the

Response (DE 73), the Reply (DE 74) and the record.   Being fully advised, I respectfully

**RECOMMEND** that the Motion to Dismiss be **GRANTED** as described herein.

## BACKGROUND

Plaintiff Theodore Keith Griffin ("Griffin"), *pro se*, filed his initial complaint on August

31, 2020.  DE 1.  Following the filing of motions to dismiss (DE 14; DE 19), Griffin filed an

amended complaint on November 10, 2020 (DE 23).  On, November 18, 2020, I held a status

conference and issued a paperless order as follows:

> At the status conference held on November 18, 2020, counsel for defendants
> indicated that they intend to move to dismiss Plaintiff's recently filed [(DE 23)]
> Amended Complaint based on failure to state a claim and qualified immunity. [I]
> explained to Plaintiff that although a pro se litigant's pleadings are construed
> liberally, *Miller v. Donald,* 541 F.3d 1091, 1100 (11th Cir. 2008), a complaint must
> still contain sufficient facts to state a claim and a court cannot speculate or "fill in
> the blanks" about what happened. *Navarro v. City of Riviera Beach*, 192 F. Supp.3d
> 1353, 1360 (S.D. Fla. 2016). In light of that discussion, Plaintiff requested leave to
> file a Second Amended Complaint in an effort to more adequately state his claims.

> [I] granted Plaintiff's request [and ordered Plaintiff to] file his Second Amended
> Complaint by Friday, December 4, 2020.

DE 27.  Also, on November 18, 2020, I issued a paperless order granting Defendants' motion to

stay discovery and be "excused from discovery deadlines until the Court rule[d] on their

invocations of qualified immunity."  DE 28 (citing *Howe v. City of Enterprise*, 861 F.3d 1300

(11th Cir. 2017) (holding that defendants who have asserted qualified or sovereign immunity may

not be required to further litigate the underlying merits of the lawsuit including to engage in

discovery without having first received a ruling as to their immunity).  Griffin sought and was

granted an extension of time through December 14, 2020 to file his Second Amended Complaint

(DE 31; DE 32).

On January 4, 2021, Griffin filed his Second Amended Complaint[1] alleging various civil

rights violations pursuant to 42 U.S.C. § 1983[2] stemming from his arrest on August 24, 2018.  DE

34.  Specifically, Griffin alleges that he

> was sitting in a legally parked car, with the ignition on, in a[n] open commerce
> parking lot [in Hollywood, Florida], when he was approached by three white men
> dressed in camouflage clothing.  One of the men banged on the window of the car,
> pointed a gun directly at Plaintiff without cause or justification, and yelled open the
> door, thereby placing Plaintiff in fear of imminent peril.  It must be bourn[e] in
> mind, that the officers were dispatched to the location in reference to a white male
> attempting to cash a stolen check, the Plaintiff is a black male.  Not knowing if it
> was a robbery or carjacking, the Plaintiff placed his car in reverse, an[d] ran for
> dear life.

*Id.* at 2.  Griffin further alleges that he "made it back to Miami" at which point he was pulled over,

"snatched" through the car window and held down on the hot pavement for at least five minutes

---

[1] The District Judge issued an order on January 5, 2020 stating that the Court would consider Griffin's late-filed
Second Amended Complaint and cautioned Plaintiff "to adhere closely to Court deadlines and instructions or risk
dimissal of this action."  DE 44.

[2] Plaintiff explicitly states that his action "is a civil rights lawsuit brought pursuant to 42 U.S.C. § 1983."  DE 34 at 1.

causing him to sustain neck and back injuries and third-degree burns. *Id.* at 2-3. Griffin also

alleges that he was booked at the Miami-Dade County jail on a no-bond warrant for six days and

not taken before a judicial officer until August 31, 2018, in Broward County. *Id.* at 3. Relying on

these allegations, Griffin brings the following eight claims:

| Count | Description | Against[3] |
|-------|-------------|------------|
| I. | Deprivation of the Privileges of Free Speech and Peaceable Assembly | Officer Thomas McGuire ("McGuire"); Officer Paul Scheel ("Scheel"); Officer Alejandro Falcon ("Falcon") |
| II. | The Right of the People to Be Free from the Use of Excessive Force During Arrest | McGuire; Scheel; Falcon; and Officer Kern Dieudonne ("Dieudonne") |
| III. | False Imprisonment | Miami-Dade County; Broward County; Miami-Dade Police Department ("Miami-Dade PD"); McGuire; Dieudonne |
| IV. | Assault | McGuire; Dieudonne |
| V. | Violation of Fifth and Fourteenth Amendment Right to not Be Deprived of Liberty without Due Process of Law | Miami-Dade County; Broward County; Miami-Dade PD; McGuire; Dieudonne |
| VI. | Violation of the Florida and United States Constitutions | Miami-Dade County; Broward County; Miami-Dade PD; McGuire; Dieudonne |
| VII. | Denial of Bail | Miami-Dade County; Broward County; Miami-Dade PD; McGuire; Dieudonne |
| VIII. | Violation of State Constitutional Right to Enjoy Life and Liberty and to Pursue and Obtain Happiness and Safety | McGuire; Scheel; Falcon |

Defendants seek dismissal of all counts for failure to state a claim under Federal Rule of

Civil Procedure 12(b)(6). DE 64 at 2. Additionally, Defendants seek dismissal of Defendant

Miami-Dade PD because it is not *sui juris*—not capable of being sued. *Id.* at 3. Defendants also

argue that all claims against Defendants Miami-Dade County and Broward County must be

---

[3] District Judge Aileen M. Cannon dismissed without prejudice Defendant Hollywood Police Department due to Griffin's failure to effectuate proper service. DE 66 at 3. The remaining Defendants are: Thomas McGuire ("McGuire"); Paul Scheel ("Scheel"); Alejandro Falcon ("Falcon"); Kern Dieudonne ("Dieudonne"); Miami-Dade County; Miami-Dade Police Department ("Miami-Dade PD"); and Broward County. *See* DE 49; 51-54; 63. Defendants report that Defendants McGuire, Scheel and Falcon are Hollywood Police Officers, and Defendant Dieudonne is a Miami-Dade Police Officer. DE 64.

dismissed.  *Id.* at 3-6.  With respect to § 1983 claims, Defendants contend that the claims against these two counties fail because Griffin fails to allege that a municipal custom or policy is at issue. *Id.* at 3-4.  With respect to state law claims, Defendants contend that the two counties have sovereign immunity because Griffin failed to abide by notice provisions required under Florida law.  *Id.* at 5-6.  Further, Defendants argue that claims against the individual Defendant officers are not cognizable and even presuming that they were, the officers are entitled to sovereign and/or qualified immunity.  *Id.* at 6-17.  Therefore, Defendants ask that the complaint be dismissed with prejudice.  *Id.* at 20.

Defendants also ask the Court to take judicial notice that, incident to the arrest giving rise to this case, Griffin was charged with aggravated battery on a law enforcement officer, fleeing and alluding, driving with a revoked license, and resisting an officer with violence.  *Id.* at 1 (citing Broward County Criminal Docket at DE 64-1).[4]  "A court may take judicial notice of matters of public record, including arrest warrants, and consider those facts in resolving a motion to dismiss." *Eiras v. Fla.*, 239 F. Supp. 3d 1331, 1341 (M.D. Fla. 2017) (citing *McDowell Bey v. Vega*, 588 F. App'x. 923, 926 (11th Cir. 2014) (affirming a district court's decision to take judicial notice of the docket in the underlying criminal case)).  As such, I take judicial notice of the charges that Defendants list, which are supported by a copy of the state court docket in the underlying criminal case attached to the Motion to Dismiss.  DE 64; DE 64-1.  According to the attached docket, as of October 16, 2020, Griffin had pled not guilty to all the charges.  DE 64-1.

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

---

[4] Defendants also attach to their motion a "Jail Card" (DE 64 at 16; DE 64-2) and purport to attach an "August 30, 2018, Findings and Order"; however, this last exhibit is a blank page (DE 64 at 17; DE 64-3).

U.S. 662, 678 (2009); *see also Lotierzo v. Woman's World Med. Ctr., Inc.*, 278 F.3d 1180, 1182 (11th Cir. 2002). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plaintiff should allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Though detailed factual allegations are not required, Federal Rule of Civil Procedure 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. As such, a plaintiff may not rely on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). Rather, the well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. In assessing the sufficiency of a complaint, all reasonable inferences should be drawn in favor of the plaintiff. *Iqbal*, 556 U.S. at 678; *Darrisaw v. Penn. Higher Educ. Assistance Agency,* 949 F.3d 1302, 1304 (11th Cir. 2020).

The purpose of the federal pleading rules is to ensure a plaintiff presents his claims "discretely and succinctly" so that his adversary can discern what he is claiming and frame a responsive pleading. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)). And while pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys, they still must meet minimal pleading standards. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998); *Nassar v. Nassar,* 2020 WL 9460330, at *2 (S.D. Fla. July 16, 2020).

<u>**DISCUSSION**</u>

**A. Miami-Dade PD is Not an Entity Subject to Suit**

Capacity to be sued is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). "Under Florida law, police departments are not legal entities amenable to suit." *Williams v. Miami-Dade Police Dep't*, 297 F. App'x 941, 945 (11th Cir. 2008) (citation omitted). Specifically, with respect to Miami-Dade PD, it is an agency of Miami-Dade County; therefore, it may not be sued as an independent entity. *See Cardelle v. Miami-Dade Police Dep't*, No. 14-22753-CIV, 2014 WL 4907702, at *3 (S.D. Fla. Sept. 30, 2014), *aff'd sub nom. Cardelle v. Miami-Dade Cnty. ex rel. Miami-Dade Police Dep't*, 609 F. App'x 632 (11th Cir. 2015) (stating that Miami-Dade PD "is not capable of being sued as an independent entity" (internal quotation marks and citation omitted)). Rather, Miami-Dade County is the proper party to be named. *See id.* Therefore, Defendants' request to dismiss Miami-Dade PD from this action with prejudice is due to be granted.

**B. Federal Claims Against the Two County Defendants Fail**

Under § 1983, municipalities are only liable for deprivation of a constitutional right when a plaintiff establishes that such deprivation has been caused by a custom or policy of the municipality. *Depew v. City of St. Marys, Georgia*, 787 F.2d 1496, 1499 (11th Cir. 1986) (citing 42 U.S.C. § 1983 (1982) and *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978)). In other words, the municipality itself must have caused the constitutional violation through a custom or policy, and "*[r]espondeat superior* or vicarious liability [based on the actions of municipal employees] will not attach under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Furthermore, "[n]ormally random acts or isolated incidents are insufficient to establish a custom or policy." *Depew*, 787 F.2d at 1499.

Here, Griffin fails to allege that the individual Defendants violated his rights as a result of a municipal custom or policy.  Indeed, Griffin fails to even allege any facts connecting Defendants Miami-Dade County and Broward County to his arrest other than facts indicating that the Defendant police officers worked for these municipalities and the events leading to Griffin's arrest occurred in the subject counties.  Furthermore, the isolated incidents Griffin alleges, such as his detention for six days without a judicial determination of probable cause, are insufficient to demonstrate a custom or policy.  *Depew*, 787 F.2d at 1499.  Thus, Griffin fails to allege a basis for liability on the part of either Miami-Dade County or Broward County.  Accordingly, Defendants' motion to dismiss should be granted relative to § 1983 claims in Counts III, V, VI and VII against Defendants Miami-Dade County and Broward County.

## C.  Count I (Violation of Free Speech and Peaceable Assembly) Fails to State a Claim

In Count I, Griffin alleges that Officers McGuire, Scheel and Falcon, while acting under color of State law, deprived him of privileges of free speech and peaceable assembly by approaching him and pointing a gun at him on August 24, 2018.  DE 34 at 3-4.  Specifically, Griffin alleges that the officers "deprived him of the privileges, immunities, rights, and liberties of the citizen to the use of the streets and public places of the city, for communication and views and ideas."  *Id.* at 3.

"The First Amendment itself provides that 'Congress shall make no law ... abridging the freedom of speech ... or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.'"  *Amnesty Int'l, USA v. Battle*, 559 F.3d 1170, 1186 (11th Cir. 2009) (Marcus, J. concurring) (quoting U.S. Const. amend. I.).  Through the Fourteenth Amendment, the rights guaranteed by the First Amendment apply to the States.  *Id.*  "The right of peaceable assembly is a right cognate to th[at] of free speech ... and is equally fundamental."

7

*Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 578 (1980) (internal quotation marks and citation omitted).  The First Amendment protects the rights guaranteed by it by prohibiting the government from taking retaliatory actions based on an individual's constitutionally protected speech or conduct.  *See Hartman v. Moore*, 547 U.S. 250, 256 (2006).  "The elements of a First Amendment retaliation claim are (1) the plaintiff engaged in speech or an act that was constitutionally protected, (2) the defendant's retaliatory conduct adversely affected the protected speech or act, and (3) there is a causal connection between the retaliatory actions and the adverse effect on the constitutionally-protected speech or act."  *O'Boyle v. Sweetapple*, 187 F. Supp. 3d 1365, 1370 (S.D. Fla. 2016) (citing *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005)).

Here, Count I fails to state a claim.  Griffin pleads no facts indicating that he was engaged in constitutionally protected speech or a constitutionally protected act.  His allegations pertain only to law enforcement officers approaching him with weapons drawn while he sat in his car and the events that ensued.  Nothing about these allegations gives rise to an inference that Griffin was engaged in activity protected by the First Amendment.  Griffin also fails to allege facts plausibly showing that the police officers were acting in retaliation for his protected speech or actions.  Thus, because Griffin fails to demonstrate the elements necessary for maintaining a First Amendment retaliation claim, Count I is due to be dismissed.

## D.  Defendants' Motion to Dismiss Count II (Excessive Force) Based on Qualified Immunity Should be Denied

Defendants argue that Griffin's claim of excessive force against the individual officers fails because the officers are entitled to qualified immunity.  DE 64 at 9.  "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person

would have known.'"  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800,818 (1982)).  "'The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'"  *Moreno v. Turner*, 572 F. App'x 852, 855 (11th Cir. 2014) (quoting *Whittier v. Kobayashi*, 581 F.3d 1304, 1308 (11th Cir. 2009).  "'In other words, immunity protects all but the plainly incompetent or those who knowingly violate the law.'"  *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (quoting *White v. Pauly*, 137 S. Ct. 548, 551 (2017)).

Although qualified immunity is usually addressed at summary judgment, a defendant may raise it in a motion to dismiss, and it "will be granted if the 'complaint fails to allege the violation of a clearly established constitutional right.'"  *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002) (citing *Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001) and quoting *Williams v. Ala. State Univ.*, 102 F.3d 1179, 1182 (11th Cir. 1997)).  "While there may be a dispute as to whether the alleged facts are the actual facts, in reviewing the grant of a motion to dismiss, we are required to accept the allegations in the complaint as true."  *Id.*

"To invoke the defense of qualified immunity, a government official must have been acting within the scope of his 'discretionary authority' when the allegedly wrongful acts occurred. *Spencer v. Benison*, 5 F.4th 1222, 1230 (11th Cir. 2021) (citing *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1254, n. 19 (11th Cir. 2010)).  "The term 'discretionary authority' covers 'all actions of a governmental official that (1) were undertaken pursuant to the performance of his duties, and (2) were within the scope of his authority.'"  *Hinson v. Bias*, 927 F.3d 1103, 1116 (11th Cir. 2019) (quoting *Jordan v. Doe*, 38 F.3d 1559, 1566 (11th Cir. 1994)).  "Challenged actions [of police officers] while on duty as police officers conducting arrest and investigative functions" satisfy this requirement.  *Id.*

"After a government official establishes that he was acting within the scope of his discretionary authority, the burden shifts to the plaintiff to show that the official's conduct (1) violated federal law (2) that was clearly established at the relevant time." *Spencer*, 5 F.4th at 1230; *Paez v. Mulvey*, 915 F.3d 1276, 1284 (11th Cir. 2019) (addressing qualified immunity on a motion to dismiss and stating that "the burden shifts to the plaintiff to show qualified immunity is not appropriate" once a defendant establishes that he was acting within his discretionary authority). In addressing whether an official's conduct violates clearly established federal law, "'the salient question ... is whether the state of the law ... gave [the officers] fair warning that their alleged treatment of [the plaintiff] was unconstitutional.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1350 (11th Cir. 2002) (quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)). Courts may analyze the two prongs in any order. *Spencer*, 5 F.4th at 1230.

Here, there is no dispute that the Defendant officers were acting within their discretionary authority. Griffin alleges that three of the individual Defendant officers "were dispatched ... in reference to a white male attempting to cash a stolen check." DE 34 at 2. Thus, Griffin acknowledges that the officers were conducting arrest and investigative functions, and the officers were acting within their discretion authority.

Because the individual Defendants were acting within their discretionary authority, Griffin must allege facts showing that they violated clearly established federal law. *Spencer*, 5 F.4th at 1230. I conclude that Griffin has met this burden.

The Fourth Amendment protects individuals "against unreasonable searches and seizures." *Crocker v. Beatty*, 995 F.3d 1232, 1243 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 845 (2022) (quoting U.S. Const. amend. IV). "Under the Fourth Amendment, a person is 'seized' … when, by means of physical force or a show of authority, his freedom of movement is restrained so that,

10

in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Knight through Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 822 (11th Cir. 2017) (internal quotation marks and citation omitted). "The prohibition against 'unreasonable ... seizures' encompasses a bar on the use of excessive force in the course of an arrest." *Id.* at 1246. "[I]f an arresting officer does not have the right to make an arrest, he does not have the right to use any degree of force in making that arrest." *Bashir v. Rockdale Cnty., Ga.*, 445 F.3d 1323, 1331-32 (11th Cir. 2006). "Under this Circuit's law ... a claim that any force in an illegal stop or arrest is excessive is subsumed in the illegal stop or arrest claim and is not a discrete excessive force claim." *Jackson v. Sauls*, 206 F.3d 1156, 1171 (11th Cir.2000) (citing *Williamson v. Mills*, 65 F.3d 155, 158–59 (11th Cir.1995)). Thus, "where an excessive force claim is predicated solely on allegations the arresting officer lacked the power to make an arrest, the excessive force claim is entirely derivative of, and is subsumed within, the unlawful arrest claim." *Bashir*, 445 F.3d at 1332. In other words, if a claim of excessive force is based upon illegality of arrest, it is not a discrete and separate claim for excessive force. *Jackson*, 206 F.3d at 1171. The rationale for this rule is that, when force is excessive because no justification exists for any force to be used, an excessive force claim will always arise, but only collaterally, as a result of the illegal stop or arrest claim. *Id.*

Relevant here, too, are principles governing detention and arrest. "[D]etaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417–18 (1981). "An individual's presence in an area of expected criminal activity, standing alone, is not enough to support a reasonable, particularized suspicion that the person is committing a crime." *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000). Also, law enforcement must have at least arguable probable cause for

an arrest.  Arguable probable cause exists where "reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest Plaintiff." *Grider*, 618 F.3d 1257.

Here, Griffin avers that he is black, and the individual Defendants were dispatched to the location where Griffin was sitting in his legally parked car to investigate a white male in the process of committing the crime of cashing a stolen check.  DE 34 at 2.  Griffin further alleges that he was acting in an orderly and peaceful manner and that "personal restraint and interference, by force and violence, [was] accomplished without authority of law." *Id.*  Additionally, he alleges that "one of the men" banged on his window and pointed a gun at him without cause or justification. *Id.*  With these facts, Griffin describes an illegal seizure that violated his clearly established constitutional rights under the Fourth Amendment.  *Marx v. Gumbinner*, 905 F.2d 1503, 1505 (11th Cir. 1990) ("A warrantless arrest without probable cause violates the Constitution and forms the basis for a section 1983 claim.").  A reasonable officer would know that detaining a person by a show of force—pointing a gun at them—when the person is doing no more than sitting in their legally parked car, violates the person's clearly established constitutional rights. *Knight through Kerr*, 856 F.3d at 822; *Wardlow*, 528 U.S. at 124.

Defendants premise the qualified immunity defense on there being probable cause for Griffin's arrest.  DE at 9.  Indeed, Defendants argue that "Plaintiff complains of nothing more than the minimal force used to arrest him after a dangerous highspeed car chase." *Id.*  Taking Griffin's allegations as true and in the light most favorable to him, however, the officers had no reason to approach Griffin in the first place, let alone arrest him.  Furthermore, according to Griffin, the individual Defendants at issue did not identify themselves as law enforcement and were not in police uniforms.  Thus, Griffin had the impression that he was being car-jacked or robbed.

Accordingly, on the facts pled, Griffin should have been free to leave the parking lot where police officers initially approached him because there was no reasonable suspicion or probable cause to detain him.  Because Griffin's well-pleaded facts show a violation of clearly established Fourth Amendment rights, I do not find that the individual Defendants are entitled to qualified immunity at this stage of the case.  The benefit of discovery is needed to determine qualified immunity, and Defendants' motion to dismiss Count II should be denied.  Although titled as an excessive force claim, Count II states a claim for unlawful arrest.  *Jackson*, 206 F.3d at 1171.

**E. Defendants' Motion to Dismiss Count III (False Imprisonment) Based on Qualified or Sovereign Immunity Should be Denied**

Count III alleges false imprisonment on grounds that Griffin had a right to a judicial hearing in the County where he was arrested and was held on a no bond warrant for six days without seeing a judge, which deprived him of a Fourth Amendment judicial determination of probable cause during that time.  DE 34 at 6-7.  Thus, Griffin alleges that he was denied prompt determination of probable cause following a warrantless arrest.

Defendants make several arguments for dismissal but fail to address Griffin's allegation that he was denied prompt judicial determination of probable cause.  First, Defendants argue that dismissal is appropriate on the basis that the pleading is a shotgun pleading because Griffin fails to organize discrete claims in a separate count and fails to allege facts relevant to each cause of action and to each Defendant officer.  DE 64 at 11-12.  Second, Defendants argue that the individual officers are entitled to qualified immunity for federal law claims.  Third, Defendants argue that the individual officers are entitled to sovereign immunity for state law claims. Fourth, Defendants argue probable cause bars Griffin's claims for false imprisonment, whether they be state law or federal law claims.

### 1. Shotgun Pleading

I do not find Griffin's claim in Count III to be a shotgun pleading.  Defendants argue that Griffin fails to make clear whether he is alleging false imprisonment under state or federal law.  Since he is a *pro se* litigant and not an attorney, however, I will evaluate the facts he has pleaded to determine if he states a claim under either standard.  Defendants also complain that Count III should be dismissed because Griffin fails to state which Defendants are responsible for which acts.  That omission is immaterial here, however, because if he is making a federal claim of false imprisonment, the municipal Defendants are dismissed because he has failed to sufficiently plead a custom or policy as explained above in section B of this Report, and if he is a making a state claim of false imprisonment, sovereign immunity applies to bar the municipal defendants from suit.[5]  Thus, either way, Griffin has failed to state a claim against Miami Dade County or Broward County in Count III.  This leaves only the individual Defendants in Count III, and I find that the Complaint sufficiently pleads facts which, if believed, suggest both were responsible for his arrest and false imprisonment without a judicial hearing.

### 2. Qualified Immunity

In determining Griffin's false imprisonment claim, the Court must identify "whether ... the Fourth Amendment right to be free from unreasonable seizures" is at issue, or whether what is at issue is the "Fourteenth Amendment right to be free from continued detention after law enforcement should have known that [plaintiff] was entitled to release."  *Alcocer v. Mills*, 906 F.3d 944, 948 (11th Cir. 2018).  "If the facts implicate [a plaintiff's] Fourth Amendment right, to receive

---

[5] Sovereign immunity bars the claims due to Griffin's failure to comply with pre-suit notice requirements.  A litigant suing a county must provide the county with written notice "within three years after such claim accrues."  Fla. Stat. § 768.28(6)(a).  Furthermore, "the complaint must contain an allegation that such notice was given."  *Fletcher v. City of Miami*, 567 F. Supp. 2d 1389, 1393 (S.D. Fla. 2008).  Here, Griffin does not allege that he provided notice.  Therefore, because Griffin fails to show that he provided notice within three years of his arrest on August 24, 2018, I find that Griffin is now precluded from bringing state law tort claims against the Defendant counties.

qualified immunity, Defendants must have had probable cause, or at least arguable probable cause." *Id.* "If, on the other hand, the Fourteenth Amendment governs the fact pattern here, [plaintiff] must show that Defendants were deliberately indifferent to h[is] right to be released." *Id.*

Although there is a dearth of case law on whether the Fourth Amendment or Fourteenth Amendment gives rise to a cause of action for a failure to promptly make a judicial determination of probable cause after a warrantless arrest, I am persuaded by the reasoning in *Colburn v. Huddleston*, No. 6:14-CV-01942-LSC, 2015 WL 1494554, at *3, n. 5 (N.D. Ala. Mar. 30, 2015), *aff'd*, 670 F. App'x 693 (11th Cir. 2016). There, the court found that the Fourth Amendment governed plaintiffs' unlawful detention claims following their warrantless arrests without judicial determination of probable cause because "the Fourteenth Amendment's Due Process Clause begins to impose limitations on an individual's period of confinement only after an initial probable cause hearing is held." *Id.* (citing *Villanova v. Abrams*, 972 F.2d 792, 797 (7th Cir. 1992) (analyzing Supreme Court cases and determining that "the Fourth Amendment governs the period of confinement between arrest without a warrant and the preliminary hearing at which a determination of probable cause is made, while due process regulates the period of confinement after the initial determination of probable cause")). Thus, I find that the Fourth Amendment governs Griffin's allegations.

Defendants fail to address Griffin's allegation in Count III that his Fourth Amendment rights were violated because judicially determined probable cause did not occur for six days following his warrantless arrest.[6] "[I]n *McLaughlin*, the Supreme Court held that, generally, when

---

[6] In addressing Griffin's Count V due process claim, Defendants assert that "Plaintiff had a prompt judicial determination of probable cause." DE 64 at 17, n. 5. I must, however, accept as true at this stage of the proceedings Griffin's allegation that he was detained for six days without a judicial determination of probable cause, which presumptively violated his rights guaranteed by the Fourth Amendment.

a [judicial] probable cause determination does not happen within 48 hours, 'the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance.'" *United States v. Cabezas-Montano*, 949 F.3d 567, 593 (11th Cir. 2020), *cert. denied sub nom. Palacios-Solis v. United States*, 141 S. Ct. 162, 207 L. Ed. 2d 1098 (2020), *and cert. denied sub nom. Guagua-Alarcon v. United States*, 141 S. Ct. 814, 208 L. Ed. 2d 398 (2020), *and cert. denied*, 141 S. Ct. 814, 208 L. Ed. 2d 398 (2020) (quoting *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). Traditionally, "[a]ny detention beyond the period within which a warrant could have been obtained rendered the officer liable for false imprisonment." *McLaughlin*, 500 U.S. at 62 (Scalia, J. dissenting as far as a 48-hour timeframe and noting that the traditional common law guaranty was for a law enforcement officer to arrange a "prompt" determination by a neutral magistrate following arrest).

Defendants conflate Griffin's Fourth Amendment claim for false imprisonment in the absence of a prompt determination of probable cause following a warrantless arrest with a claim for false arrest, and argue that probable cause existed for Griffin's arrest. DE 64 at 11-14. As set forth in section D, Count II states a claim for <u>false arrest</u> because the complaint alleges facts that, if believed, show Defendants did not have probable cause to detain and arrest him. I further recommend that Count III states a claim for <u>false imprisonment</u> by alleging that Griffin had a clearly established Fourth Amendment right to a prompt judicial determination of probable cause, and the officers violated that right. Thus, Plaintiff's federal claim of false imprisonment against the individual officers should be allowed to proceed.

### 3.  Sovereign Immunity for Individual Defendants

"Florida law shields police officers from liability in tort actions for conduct taken in the scope of her or his employment." *Jones v. City of Palm Beach Gardens*, No. 16-81247-CIV, 2022 WL 2191689, at *4 (S.D. Fla. June 17, 2022) (citing Fla. Stat. § 768.28(9)(a)).  "Florida courts have held that bad faith, malice, and wanton and willful disregard language found in § 768.28(9) 'connotes conduct much more reprehensible and unacceptable than mere intentional conduct.'" *O'Boyle v. Thrasher*, 638 F. App'x 873, 879 (11th Cir. 2016) (citing *Richardson v. City of Pompano Beach*, 511 So. 2d 1121, 1123 (Fla. 4th DCA 1987)).  Where a court cannot but construe the allegations as acts "committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property," then sovereign immunity against an individual government official will not bar suit.  *Gregory v. Miami-Dade Cnty., Fla.*, 719 F. App'x 859, 873 (11th Cir. 2017) ("Accepting as true the facts alleged in the complaint ... no version of the facts pled in this particular case support a claim that Officer Perez acted without wanton and willful disregard of Gregory's rights.").

Here, sovereign immunity does not shield the individual officers from Griffin's false imprisonment claim.  "To state a cause of action for false imprisonment, the plaintiff must establish four elements: 1) the unlawful detention and deprivation of liberty of a person 2) against that person's will 3) without legal authority or 'color of authority' and 4) which is unreasonable and unwarranted under the circumstances." *Harder v. Edwards*, 174 So. 3d 524, 530 (Fla. 4th DCA 2015) (internal quotation marks and citations omitted).  A plaintiff "cannot establish a cause of action for false imprisonment against [law enforcement] [o]fficers [if] ... in jail by lawful process." *Young v. Miami-Dade Cnty.*, No. 16-23852-CIV, 2020 WL 2110012, at *9 (S.D. Fla. Apr. 21,

17

2020) (citing *Harder*, 174 So. 3d at 532 ("The general rule is that arrest and imprisonment, if based upon a facially valid process, cannot be false.")).

Again, Griffin pleads unlawful *continued* detention due to the lack of a prompt judicial determination of probable cause, and Defendants fail to address his claim in this regard.  Thus, Defendants' argument for dismissal of any state law claim for false imprisonment on grounds that probable cause bars such claims is without merit.   Furthermore, there is no way to read Griffin's allegations except that he was held without a prompt judicial determination of probable cause in wanton and willful disregard of his rights.  *Gregory*, 719 F. App'x at 873.  Accordingly, I do not find that sovereign immunity attaches to the individual Defendants at the motion to dismiss stage. Therefore, Count III should be allowed to proceed insofar as it alleges a state law claim of false imprisonment against the individual Defendants.

**F.  Count IV (Assault) Fails to State a Claim**

Griffin alleges in Count IV that Defendant McGuire, as the officer making an out of jurisdiction arrest, and Defendant Dieudonne, as the officer in charge in the county of his arrest, failed to take him before a magistrate for six days on the offenses charged, and that constituted "assault and false imprisonment".  DE 34 at 7-8.  Griffin's pleading is wrong in this regard.  In Florida, an assault is "an intentional, unlawful offer of corporal injury to another by force, or exertion of force directed toward another under such circumstances as to create a reasonable fear of imminent peril." *Sullivan v. Atl. Fed. Sav. & Loan Ass'n*, 454 So.2d 52, 54 (Fla. Dist. Ct. App. 1984).  Thus, the officers' failure to take Griffin before a judge for six days is not an assault.  I therefore recommend that Count IV be dismissed.

### G.  Count V (Violation of Due Process) Fails to State a Claim

In Count V, Griffin essentially restates his false imprisonment claim, *i.e.,* that the officers failed to bring him before a judge for a hearing for six days following his arrest, but pleads the claim as a federal due process claim under the Fifth and Fourteenth Amendments.  DE 34 at 9.  I construe Griffin's claim as a due process claim pertaining to a delay in his first appearance,[7] and find that this claim is not cognizable for the reasons stated below.

With respect to "over-detention claims, the Due Process Clause of the Fourteenth Amendment guarantees to individuals the right to be free from excessive continued detention …." *Powell v. Sheriff, Fulton Cnty. Georgia*, 511 F. App'x 957, 960 (11th Cir. 2013) (citing *Cannon v. Macon Cnty.*, 1 F.3d 1558, 1562-63 (11th Cir. 1993)).  Specifically, claims alleging lengthy detention prior to a first appearance, following arrest and detention *pursuant to a valid warrant*, are analyzed under the Fourteenth Amendment.  *Sanchez v. Campbell*, No. 409CV420SPMWCS, 2010 WL 547620, at *2 (N.D. Fla. Feb. 10, 2010) (citing *Baker v. McCollan*, 443 U.S. 137 (1979)) (emphasis added).  However, following a *warrantless arrest*, as was the case here, "any due process right to an initial appearance may be subsumed by the Fourth Amendment right to a prompt judicial determination of probable cause."  *Alexander v. City of Muscle Shoals, Ala.*, 766 F. Supp. 2d 1214, 1232 (N.D. Ala.), *aff'd sub nom. Alexander v. City of Muscle Shoals, AL*, 444 F. App'x 343 (11th Cir. 2011) (citing, among other authority, *McLaughlin*, 500 U.S. at 47–48, 57–59)).

Here I find that, as explained in *Alexander*, Griffin's due process claim resulting from a six-day delay in being brought before a judicial officer is subsumed by his claim in Count III that

---

[7] "A reasonably prompt initial appearance before a judicial officer is a requirement in every state," *Alexander v. City of Muscle Shoals, Ala.*, 766 F. Supp. 2d 1214, 1231 (N.D. Ala.), *aff'd sub nom. Alexander v. City of Muscle Shoals, AL*, 444 F. App'x 343 (11th Cir. 2011).  Information provided at an initial appearance includes "informing the detainee of the charge(s) against him … his right to counsel … rights secured him by the privilege against self-incrimination … and setting or reviewing the detainee's bail." *Id.*

his Fourth Amendment rights were violated for lack of a prompt judicial determination of probable cause.  Just as in *Alexander*, Griffin alleges both a warrantless arrest without prompt judicial determination of probable cause and an unconstitutional delay with respect to his first appearance. 766 F. Supp. 2d 1214, 1232.  Analyzing cases involving prolonged detention before an initial appearance pursuant to a facially valid arrest warrant, the *Alexander* court determined that these cases made the Fourth Amendment's requirement for a judicial probable cause determination moot.  *Id.* at 1231-32.  Therefore, that court found such cases invoked the Due Process Clause.  *Id.* at 1230-32 (citing, among other cases, *Coleman v. Frantz*, 754 F.2d 719 (7th Cir. 1985)).  On the other hand, the *Alexander* court determined that U.S. Supreme Court cases involving warrantless arrests and extended delays in a judicial determination of probable cause *only* discussed a Fourth Amendment violation and made no mention of due process requirements.  *Id.* at 1232-33.  Thus, the *Alexander* court determined that any due process violations in cases involving warrantless arrests without prompt judicial determination of probable cause were subsumed in the Fourth Amendment violation.  I am persuaded by this reasoning.  Accordingly, on this basis, I recommend that Count V be dismissed with prejudice.[8]

### H.  Count VI (Violation of Florida and United States' Constitutions) Fails to State a Claim

In Count VI, Griffin alleges that Defendants McGuire and Dieudonne, among others, denied him his liberty interest as a biological father in the care, custody, and management of his children by not taking him before a judicial officer for a hearing for six days.  DE 34 at 11.  Griffin alleges that this delay violated both the Florida Constitution and the Constitution of the United States.  *Id.*  Defendants argue that they do not understand the nature of Griffin's claim and that they are unaware of a constitutional right—state or federal—of a biological father to be a parent.

---

[8] Because I conclude that Griffin's Count V Due Process Claim is not cognizable, I do not reach Defendants' argument that the individual Defendants are entitled to qualified immunity on this claim.  DE 64 at 17.

DE 64 at 18.  Defendants also argue that, to the extent Griffin is alleging a constitutional violation for the delay in his first appearance, the claim is duplicative.  *Id.*

I agree that the claim is vague and duplicative.  Griffin fails to allege a clearly identifiable cause of action under federal or state law.    Furthermore, to the extent that Griffin is again alleging a constitutional violation for the delay in his first appearance, such a claim is duplicative with Count III.  Accordingly, Count VI should be dismissed.  *Christman*, 416 F. App'x at 844.

## I.   Count VII (Denial of Bail) Fails to State a Claim

Count VII alleges that Defendants McGuire and Dieudonne, among others, denied him bail in violation of Article 1, § 14 of the Florida Constitution[9] and the Eighth Amendment of the Constitution of the United States by holding him in jail for six days without a judicial hearing.  DE 34 at 12.  Defendants argue that the Count VII claims are not cognizable against the individual Defendants for several reasons.  DE 64 at 18-19.   First, say Defendants, there is no federal right to bail.  *Id.* at 19.  Second, Defendants argue that the Defendant officers were not involved in bail determination relative to Griffin's underlying criminal case.  *Id.*  They contend that Griffin alleges no facts showing the individual officers had any involvement in determining whether he was entitled to bail under Art. I, § 14 of the Florida Constitution.  *Id.*  Furthermore, Defendants argue that, because bail determinations are made by judicial officers, the Defendant officers could not have been involved in the bail determination.  *Id.*   Third, Defendants argue that Griffin is attempting to use § 1983 inappropriately to challenge the length of his confinement when he is

---

[9]  Fla. Const. art. I, § 14 provides:

> Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.

required, as a state prisoner, to seek relief in state court or through habeas corpus relief under 28 U.S.C. § 2241. *Id.*

Here, I find that Griffin does indeed fail to state a cognizable claim. First, as the Supreme Court of the United States has expressly said, "the Eighth Amendment does not require release on bail." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Thus, Griffin fails to establish a federal right to bail pursuant to the Eighth Amendment. Second, to the extent that Griffin is again alleging a constitutional violation for the delay in his first appearance, such a claim is duplicative with Count III.[10] Count VII should therefore be dismissed.

## J. Count VIII (Violation of State Constitutional Right to Life, Liberty and Happiness) Fails to State a Claim

Count VIII alleges that Officers McGuire, Scheel, and Falcon approached him, pointed a gun at his head, and yelled "open the door" placing him in fear of imminent peril, and thus deprived him of his state constitutional rights, under Fla. Const. art. 1, § 2,[11] to enjoy life and liberty, and to pursue and obtain happiness and safety. DE 34 at 13-14. Defendants argue that Count VIII should be dismissed for failure to state a claim because Griffin's only allegation is that he was in fear of imminent peril, which is vague and conclusory.

---

[10] Because I find Griffin's Count VII claim for denial of bail duplicative of Count III, I do not credit Defendants' argument that the individual Defendants had no involvement in the six day delay before Griffin's initial appearance before a judicial officer. Additionally, for the same reason, I do not reach Defendants' argument that Griffin is using § 1983 inappropriately to challenge the the fact or length of his detention.

[11] Fla. Const. art. I, § 2 provides:

> All natural persons, female and male alike, are equal before the law and have inalienable rights, among which are the right to enjoy and defend life and liberty, to pursue happiness, to be rewarded for industry, and to acquire, possess and protect property. No person shall be deprived of any right because of race, religion, national origin, or physical disability.

"Florida's courts have interpreted this provision [of the Florida Constitution] consistently with interpretations of the equal protection clause of the United States Constitution." *Est. of McCall v. United States*, 134 So. 3d 894, 926 (Fla. 2014) (Polston, C.J., dissenting) (citing *Duncan v. Moore*, 754 So.2d 708, 712 (Fla.2000); *Sasso v. Ram Prop. Mgmt.*, 431 So.2d 204, 211 (Fla. 1st DCA 1983)). Griffin's allegations do not relate in any manner to equal protection. Thus, Griffin fails to state an identifiable cause of action, and Count VII should be dismissed.

## <u>CONCLUSION</u>

In sum, I respectfully **RECOMMEND** that Defendants' Motion to Dismiss (DE 64) be **GRANTED IN PART AND DENIED IN PART** as follows:

1. As to Defendant Miami-Dade Police Department, that the Motion to Dismiss be **GRANTED** and that Miami-Dade Police Department be dismissed from this action;

2. As to Defendants Miami-Dade County and Broward County, that the Motion to Dismiss be **GRANTED**:

   a. with respect to federal law claims in Counts III, V, VI and VII; and

   b. to the extent that Counts III, V, VI and VII include state law claims;

3. As to the individual Defendants in Counts I, IV, V, VI, VII and VIII; that the Motion to Dismiss be **GRANTED**;

4. As to the individual Defendants in Count II, that the Motion to Dismiss be **DENIED** and that Count II proceed as a claim for False Arrest;

5. As to the individual Defendants in Count III, that the Motion to Dismiss be **DENIED** and that Count III proceed as a claim for False Imprisonment; and

6. That all dismissals be **WITH PREJUDICE**.[12]

---

[12] Griffin has had two opportunities to amend and has nonetheless failed to state a claim in several of the counts as previously detailed. For this reason, I find that dismissal should be with prejudice.

<u>**NOTICE OF RIGHT TO OBJECT**</u>

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Aileen M. Cannon.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 17th day of August, 2022.

SHANIEK MILLS. MAYNARD
U.S. MAGISTRATE JUDGE